UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ALEX D. TABOR,

                          Plaintiff,                    6:22-CV-0348
                                                        (DNH/ML)
v.

POLICE OFFICER BAYE, Utica
Police Dep't,

                          Defendant.

_____

APPEARANCES:                                OF COUNSEL:

ALEX D. TABOR
   Plaintiff, *Pro Se*
663 Bleeker Street
Utica, New York 13501


MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

     The Clerk has sent this *pro se* Amended Complaint (Dkt. No. 8) to the Court for review.

For the reasons discussed below, I recommend that Plaintiff's Amended Complaint (Dkt. No. 8)

be dismissed in its entirety without leave to amend.

## I.    BACKGROUND

     Liberally construed,[1] Plaintiff's Amended Complaint asserts that his rights were violated

by Defendant Police Officer Baye ("Defendant") of the Utica Police Department.  (*See generally*

Dkt. No. 8.)  More specifically, Plaintiff alleges that on April 15, 2022, he woke up in Faxton St.

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest.
*Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790
(2d Cir. 1994)).

Luke's hospital, requested the return of his personal property, and exited the hospital because he did not see a doctor and was not provided a reason to be held. (*Id*.) Plaintiff alleges that once he was outside of the hospital, he realized that he was missing some of his personal property. (*Id*.) Plaintiff alleges that he spoke with Defendant who claimed that Plaintiff's hospitalization was an "involuntary alienation." (*Id*.) Plaintiff alleges that his emergency contacts were not notified of his hospitalization so he sought to re-enter the hospital to speak with a medical professional about what medical care was provided and obtain his missing personal property. (*Id*.) Plaintiff alleges that Defendant held up his hand to communicate that Plaintiff would not be permitted re-entry to the hospital. (*Id.*) Plaintiff alleges that he then requested that Defendant prepare a report regarding Plaintiff's stolen property but that Defendant refused to make a report. (*Id*.) Plaintiff alleges that he requested to speak with a supervisor but that Defendant refused to contact a supervisor and stated that Plaintiff was being escorted off the property or would be ticketed for trespassing. (*Id*.)

Based on these factual allegations, Plaintiff appears to assert the following three claims: (1) a claim that Defendant denied Plaintiff access to adequate medical attention, (2) a claim that Defendant violated Plaintiff's right to due process, and (3) a claim that Defendant violated Plaintiff's right to liberty. (*Id*.) Plaintiff does not appear to seek any relief. (*Id*.)

Attached to the complaint are thirty-six pages of medical records that appear to be from Plaintiff's admission at Faxton St. Luke's Hospital on April 6, 2022, and discharge on April 7, 2022, which indicate that Plaintiff was transported to the hospital by ambulance based on drug and alcohol intoxication. (*See generally* Dkt. No. 8, Attach. 1.) It appears that during that visit, Plaintiff woke up on April 7, 2022, and realized that he was missing cash. (*Id*.) The medical

records indicate that Plaintiff was agitated and aggressive and was discharged and escorted out of the hospital by security.  (*Id*.)

## II.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim).  "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed.  *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

4

### III.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Amended Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Although Plaintiff purports to assert three claims, the gravamen of his Amended Complaint appears to be that Defendant (1) refused Plaintiff re-entry to the hospital to speak with a medical professional about his medical care and missing personal property, and (2) refused to file a stolen property report regarding Plaintiff's missing items.  (*See generally* Dkt. No. 1.) Thus, Plaintiff's inadequate medical claim, appears to be a substantive due process claim.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."  *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989).  "In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or other similar restraint of personal liberty—which is the 'deprivation of liberty' triggering the protections of the Due Process Clause, not its failure to act to protect his liberty interests against harms inflicted by other means."  *DeShaney*, 489 U.S. at 200.

Plaintiff fails to allege facts plausibly suggesting that his freedom to act on his own behalf was restrained by Defendant or any state actor.  Thus, Defendant—and the government—was not obliged to provide any sufficient level of services, including medical care, necessary to ensure Plaintiff's reasonable safety.  As a result, I recommend that Plaintiff's due process and

inadequate medical attention claims be dismissed for failure to state a claim upon which relief may be granted.

To the extent that Plaintiff's grievance relates to Defendant's alleged failure to file a report regarding Plaintiff's missing property, I recommend that it be dismissed.  Plaintiff does not have standing to compel any law enforcement agency to prosecute suspected criminal acts because there is no private right of action to enforce state or federal criminal statutes.  *See generally Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Walker v. CIBC Ltd.*, 20-CV-1337, 2021 WL 3518439, at *5 (N.D.N.Y. Apr. 13, 2021) (Hummel, M.J.) ("It appears plaintiff is either seeking the criminal prosecution of an individual or individuals or a law enforcement investigation, which is beyond this Court's jurisdiction."), *report-recommendation adopted by* 2021 WL 3204860 (N.D.N.Y. July 29, 2021) (McAvoy, J.); *McFadden v. Ortiz*, 12-CV-1244, 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013) (D'Agostino, J.) (holding that "there is no private right of action to enforce either state or federal criminal statutes.").

## IV.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding*

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[2]

In this instance, I conclude that any further amendments to Plaintiff's Amended Complaint would be futile.  As a result, I recommend that Plaintiff's Amended Complaint be dismissed without leave to amend.  *See Igarashi v. Sculls and Bones*, 438 F. App'x 58, 59-60 (2d Cir. 2011) (finding that the district court "properly dismissed the complaint without providing an opportunity to amend because any amendment would have been futile in light of the incredible nature of the allegations."); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998)) (finding that the "District Court did not abuse its discretion in denying [the plaintiff] leave to amend the complaint because there was a 'repeated failure to cure deficiencies by amendments previously allowed.'"); *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997) ("Three bites at the apple is enough.").

**ACCORDINGLY**, it is respectfully

---

[2]      *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD**

Plaintiff's Amended Complaint (Dkt. No. 8) pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and

recommendation on the docket of this case and serve a copy upon the parties in accordance with

the local rules.[3]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within

which to file written objections to the foregoing report.[4]  Such objections shall be filed with the

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: October 25, 2022
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[3]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[4]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).